UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. 3:08-CR-46-PLR |
| ) | |
| REYNALDO QUIREZ ) | |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's *pro se* motion for sentence reduction pursuant to Amendment 782 to the United States Sentencing Guidelines [R. 262]. The government has responded that because defendant was sentenced as a career offender, Amendment 782 is inapplicable to reduce his sentence [R. 263].

Defendant pled guilty to conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana and to conspiracy to commit money laundering. Because defendant had two qualifying prior convictions under USSG § 4B1.1, he was adjudged a career offender and sentenced to 112 months imprisonment. Defendant's guideline range was not based upon any drug quantity; it was based upon his career offender classification [R. 224]. Because defendant's guideline range was based on a career offender classification, which was not lowered by Amendment 782, defendant is not eligible for a sentence reduction under the Amendment. *See United States v. Payton*, 617 F.3d 911, 914 (6th Cir. 2010) (a defendant convicted of drug charges but sentenced as a career offender under USSG § 4B1.1 is not eligible for a reduction). Accordingly, defendant's motion for sentence reduction [R. 262] is **DENIED.**

**IT IS SO ORDERED.**

Enter:

_____
**UNITED STATES DISTRICT JUDGE**